J-S28040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FELTON LEE GARDNER | |
| Appellant | No. 1642 MDA 2014 |

Appeal from the PCRA Order September 17, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001516-2009

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 07, 2015**

Felton Lee Gardner appeals from the order of the Court of Common Pleas of Lancaster County that dismissed his petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we affirm based on the opinion authored by the Honorable Howard F. Knisely.

On June 18, 2010, the trial court sentenced Gardner to 8 years and 6 months to 20 years' imprisonment after a jury convicted him of aggravated assault, endangering the welfare of a child, and recklessly endangering another person (REAP).  The convictions arose out of Gardner's physical abuse of his three-year-old stepdaughter.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Gardner filed a direct appeal to this Court, which affirmed his judgment of sentence on March 30, 2011. ***Commonwealth v. Gardner***, 26 A.3d 1211 (Pa. Super. 2011) (unpublished memorandum). He then filed a petition for allowance of appeal, which our Supreme Court denied on November 10, 2011. ***Commonwealth v. Gardner***, 32 A.3d 1275 (Pa. 2011).

Gardner filed a timely *pro se* PCRA petition on October 10, 2012. The court appointed counsel, who filed an amended petition on June 27, 2014. On August 26, 2014, having received an answer to the petition from the Commonwealth, the court issued a notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The court dismissed the petition on September 17, 2014.

Gardner filed a timely notice of appeal on September 26, 2014, and in response to an order from the trial court he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 17, 2014. The same day, the trial court filed its Rule 1925(a) opinion, relying on the 7-page Rule 907 notice that it issued on August 26, 2014.

On appeal, Gardner raises the following issue for our review:

Whether the lower court erred in denying [Gardner's] PCRA [petition] when counsel was ineffective by failing to litigate that the lower court erred when it considered that [Gardner] was subject to the mandatory minimum sentence of five years['] incarceration under 42 Pa.C.S. § 9718(a)(2) even though the jury never found that the victim was less than the critical age required by the statute.

Appellant's Brief, at 4.

In his Rule 1925(a) opinion, which incorporates the Rule 907 notice, Judge Knisely reviews the appropriate standard for reviewing challenges to the effectiveness of trial counsel, citing *Strickland v. Washington*, 466 U.S. 668 (1984) and *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

The focus of Gardner's petition is that counsel was ineffective for failing to object at his June 18, 2010 sentencing hearing to the court's consideration of the mandatory minimum sentence of five years' incarceration for a person convicted of aggravated assault where the victim is less than 13 years of age. *See* 42 Pa.C.S. § 9718(a)(2). Judge Knisely notes that pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the mandatory minimum sentencing provision is unconstitutional. However, *Alleyne* was decided after Gardner's sentencing, and under these circumstances, trial counsel cannot be ineffective for failing to object to the mandatory minimum sentence.

Furthermore, although the judge recognized the applicability of the mandatory minimum sentence at the 2010 sentencing hearing, the sentencing guidelines did not allow for a sentence as low as the mandatory minimum in light of the offense gravity score for aggravated assault and Gardner's prior record score. Accordingly, Gardner could not establish that he was prejudiced by the court's reference to the mandatory minimum sentence.

- 3 -

After careful review of the parties' briefs, the record and the relevant law, we agree with Judge Knisely's analysis and affirm on the basis of his opinion. We instruct the parties to attach a copy of Judge Knisely's decision in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
                                   :
              vs.                  :                No. 1516-2009
                                   :
FELTON LEE GARDNER                 :

## MEMORANDUM

BY: KNISELY, J.                                      October 17, 2014

Defendant Felton Lee Gardner has appealed to the Superior Court of Pennsylvania from this

Court's dismissal of Defendant's petition for collateral relief filed pursuant to the Post Conviction

Collateral Relief Act ("PCRA").[1] Defendant timely filed his PCRA petition on October 2, 2012,

and an amended PCRA petition was filed by counsel on June 27, 2014. By Opinion and Order of

August 25, 2014, the Court provided notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss

the petition without a hearing. Defendant's petition was ultimately dismissed by Order of

September 16, 2014. Defendant filed a timely notice of appeal on September 26, 2014. This

Court's Opinion and Order of August 25, 2014 stated the Court's reasons for dismissal. As such,

the Court submits those filings for purposes of Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Attest

Joshua G. Parsons
Clerk of the Courts

Copies to: Vincent J. Quinn, Esq., 1347 Fruitville Pike, Lancaster, PA 17601
Trista M. Boyd, Assistant District Attorney

BY THE COURT:

_____
HOWARD F. KNISELY
JUDGE

LANCASTER COUNTY, PA
2014 OCT 17 PM 12: 53
CLERK OF COURTS

---

[1] 42 Pa.C.S.A. §§ 9541-46.

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
                                :
        vs.                     :        No. 1516-2009
                                :
FELTON LEE GARDNER             :

**Rule 907 Notice**

BY: KNISELY, J.                                    August 25, 2014

Before the Court is Defendant's petition seeking relief pursuant to the Post Conviction

Relief Act ("PCRA").[1] Upon review of the petition, the Court is satisfied that Defendant's

petition is meritless and Defendant is not entitled to PCRA relief. The Court submits this Notice,

pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, of its intent to dismiss

Defendant's petition without a hearing. Defendant's petition will be dismissed without a hearing

unless Defendant amends his petition within 20 days and provides a reviewable basis for relief.

## BACKGROUND

On March 11, 2010, Defendant was convicted by a jury of one count of Aggravated

Assault,[2] one count of Endangering the Welfare of a Child,[3] and one count of Recklessly

Endangering Another Person.[4] Defendant was sentenced on June 18, 2010 to a total term of 8½

to 20 years of incarceration. Defendant was represented by Attorney Karl Rominger at trial. On

July 16, 2010, Defendant filed an appeal; he was represented on appeal by Attorney Vincent

Quinn. The Superior Court of Pennsylvania affirmed the judgment of sentence on March 30,

2011. Defendant then sought an allowance of appeal from the Pennsylvania Supreme Court,

which was denied on November 10, 2011. On October 2, 2012, Defendant filed a pro se PCRA

petition. Counsel was appointed to represent Defendant and an amended PCRA petition was

---

[1] 42 Pa.C.S.A. §§ 9541-46.
[2] 18 Pa.C.S.A. §2702.
[3] 18 Pa.C.S.A. §4304.
[4] 18 Pa.C.S.A. §2705.

filed on June 27, 2014, alleging that Trial Counsel was ineffective for failing to object to the Trial Court's consideration of the mandatory minimum sentence of 5 years of incarceration because the jury did not find beyond a reasonable doubt that the victim was less than 13 years of age as required by the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The amended PCRA petition also alleged that even if Trial Counsel was not ineffective, the imposition of the mandatory minimum sentence is an illegal sentence and that the provision providing for the relevant mandatory minimum sentence is not severable from the provision providing that the age of the victim is not an element of an offense.

## DISCUSSION

### I.    Ineffective Assistance of Trial Counsel

Defendant's claim challenges the effectiveness of his trial counsel. It is well-established that counsel is presumed effective. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065 (1984). A PCRA petitioner bears the burden of rebutting that presumption by demonstrating that counsel's performance was deficient and that such deficiency prejudiced him. *Id.* The Pennsylvania Supreme Court divided the *Strickland* standard into three prongs, two prongs for deficient performance and one prong for prejudice. *Com. v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citing *Com. v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987)). The resulting three prongs to prove counsel ineffective are: (1) the underlying claim has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the defendant was prejudiced by counsel's act or omission. *Id.* Counsel will not be deemed ineffective if any reasonable basis exists for his actions, and, even if counsel had no reasonable basis for his actions, a defendant is

2

not entitled to relief if he fails to demonstrate prejudice. *Com. v. Loner*, 836 A.2d 125, 133 (Pa. Super. 2003)(citing *Com. v. Douglas*, 645 A.2d 226, 231-2)(Pa. 1994)).

Prejudice in the context of ineffective assistance of counsel requires a demonstration that there was a reasonable probability that but for counsel's error; the outcome of the proceeding would have been difference. *Com. v. Kimball*, 724 A.2d 326, 331 (Pa. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Com. v. Chambers*, 807 A.2d 872, 883 (Pa. 2002)(quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Prejudice occurs when the errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* The Pennsylvania Supreme Court has held that courts "cannot impose upon trial counsel the qualities of a seer... For this reason, [courts] examine counsel's stewardship under the standards as they existed at the time of his action... counsel will not be deemed ineffective for failing to predict future developments in the law." *Com. v. Triplett*, 381 A.2d 877, 881 (Pa. 1977); *Com. v. Fowler*, 703 A.2d 1027 (Pa. 1987).

In the instant case, Defendant was sentenced on June 18, 2010; the United States Supreme Court did not decide *Alleyne* until June 17, 2013, almost exactly three years after Defendant's sentencing. Because counsel is not required to predict the future, Trial Counsel cannot be found ineffective for failing to object to the imposition of the mandatory minimum sentence. Furthermore, Defendant cannot show that he suffered any prejudice. The Trial Court sentenced Defendant above the mandatory minimum sentence because Defendant's sentencing guidelines did not allow for a sentence as low as the mandatory minimum sentence. Aggravated Assault carries an offense gravity score of 11 and Defendant's prior record score was a 5. Therefore, Defendant's guideline sentence for the offense of Aggravated Assault was 72 months

3

(6 years) to 90 months (7½ years), plus or minus 12 months for mitigating and aggravating factors. Endangering the Welfare of a Child carries an offense gravity score of 5, so Defendant's guideline sentence for that offense was 12 months to 18 months, plus or minus 3 months for mitigating and aggravating factors. Therefore, the outcome of Defendant's sentencing proceeding would not have been any different even without the mandatory minimum sentence. Because Defendant has failed to demonstrate that his claim has arguable merit or that he suffered prejudice, trial counsel will not be deemed ineffective. *Com. v. Loner*, 836 A.2d 125, 133 (Pa. Super. 2003)(citing *Com. v. Douglas*, 645 A.2d 226, 231-2)(Pa. 1994)).

## II.    Illegal Sentence

The Pennsylvania Superior Court has held that sentences in violation of *Alleyne* are illegal sentences. *Com. v. Watley*, 81 A.3d 108 (Pa. Super. 2013); *Com. v. Thompson*, 2014 WL 2131965 (Pa. Super. 2014). In this case, however, although the Commonwealth had invoked the mandatory minimum sentence of five years of incarceration, Defendant's guidelines did not allow for a sentence of less than five years. As discussed above, Defendant's sentencing guidelines called for 6 years to 7½ years for the aggravated assault charge alone. Furthermore, at sentencing, the Court considered the following: that Defendant was 36 years old, indicating he had sufficient maturity to understand the significance of his acts; that Defendant is intelligent enough to understand the significance of his acts, having completed 11th grade and attaining his G.E.D.; that Defendant knows how to follow directions, as indicated by his work history; the prior criminal record of Defendant. (N.T. Sentencing, 6/18/10, p. 15-16). The Court also specifically considered the doctor's testimony relative to the piece of tongue which was bitten out of the three-year-old victim's mouth and the excruciating pain the child had to go through

4

during the course of that attack. *Id.* at 17. The Court considered the fact that the victim was three years old at the time of the offenses, that she was scarred with burn marks and welts, in addition to the damage to her tongue, and that Defendant showed no remorse at any point. *Id.* at 18. The sentence was warranted because a lesser sentence would depreciate the seriousness and aggravated nature of the crimes.

## III. Severability of 42 Pa.C.S.A. §9718

Based on the recent Pennsylvania Superior Court decisions of *Com. v. Watley*, 81 A.3d 108 (Pa. Super. 2013) and *Com. v. Thompson*, 2014 WL 2131965 (Pa. Super. 2014), subsection (c) of §9718 is unconstitutional because it allows the sentencing court to apply the mandatory minimum sentences based on a preponderance of the evidence standard, as opposed to being determined beyond a reasonable doubt by the finder of fact, as required by *Alleyne*. The Pennsylvania Superior Court recently decided that another mandatory sentencing statute with a similar "proof at sentencing" subsection was not severable from the rest of the statute. *Com. v. Newman*, 2014 Pa. Super. 178 (August 20, 2014).

In *Com. v. Newman*, the defendant was convicted of two counts of possession with intent to deliver cocaine) ("PWID"), two counts of simple possession (cocaine), one count of possession of drug paraphernalia, one count of dealing in proceeds of unlawful activities, one count of possessing an instrument of crime, and five counts of criminal conspiracy. *Com. v. Newman*, 2014 Pa. Super. 178 (August 20, 2014). The Commonwealth filed a Notice of Intent to Seek Mandatory Sentence under 42 Pa.C.S.A. §9712.1, which requires the following proof at sentencing:

> Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the

5

Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. §9712.1(c); *Com. v. Newman*, 2014 Pa. Super. 178 (August 20, 2014).

The Superior Court in *Newman*, found that the sentencing practice under Section 9712.1 was unconstitutional because it did not comply with the standard set forth in *Alleyne*. *Com. v. Newman*, 2014 Pa. Super. 178 (August 20, 2014); *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

This Court recognizes that the "proof at sentencing" subsection of the mandatory sentencing statute in this case, 42 Pa.C.S.A. §9718, is identical. Subsection (c) of 42 Pa.C.S.A. §9718 reads:

The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. §9718(c).

Based on the Pennsylvania Superior Court's recent decision in *Newman*, subsection (c) of 42 Pa.C.S.A. §9718 is also not severable from the statute, rendering the statute unconstitutional. Although the mandatory sentencing is unconstitutional, this Court did not sentence Defendant by the mandatory sentence, as discussed above. While the Commonwealth had invoked the mandatory minimum sentence of five years of incarceration, Defendant's guidelines did not allow for a sentence of less than five years, but rather called for 6 years to 7½ years for the

6

aggravated assault charge alone. Again, the Court took into account a variety of factors, not the 'mandatory minimum sentence, when it sentenced Defendant to 8½ to 20 years of incarceration, specifically the aggravated nature of the crime against the three year old victim. Therefore, the issue of severability of subsection (c) of 42 Pa.C.S.A. §9718 is irrelevant to Defendant's claim, as he was not sentenced under the mandatory minimum statute.

As each of Defendant's claims is meritless, Defendant's petition is meritless. Defendant is not entitled to post-conviction relief, and no purpose would be served by any further proceedings. Defendant is hereby provided notice of this Court's intent to dismiss his petition without a hearing. Defendant may respond within twenty (20) days from the date of this Notice to demonstrate that he is entitled to relief under the PCRA. Accordingly, I enter the following:

7